**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LISA DOE,

                    *Plaintiff,*

    v.

DARREN K. INDYKE AND RICHARD D. KAHN
AS JOINT PERSONAL REPRESENTATIVES OF
THE ESTATE OF JEFFREY E. EPSTEIN,
FINANCIAL TRUST COMPANY, INC., NES, LLC,
HBRK ASSOCIATES, INC.,

                    *Defendants.*

Case No. 1:19-cv-07773 (ER) (DCF)

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR**
**MOTION TO DISMISS COUNTS II AND V-XII OF PLAINTIFF'S FIRST AMENDED**
**COMPLAINT AND DEMAND FOR PUNITIVE DAMAGES**

TROUTMAN SANDERS LLP
875 Third Avenue
New York, New York 10022
Tel: 212-704-6000
Fax: 212-704-6288

*Attorneys for Defendants*

41460883v5

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS ................................................................................................... 3

ARGUMENT ....................................................................................................................... 5

      A.    Legal Standard: Plaintiff's Legal Conclusions, Labels And Formulaic Recitations Of The Elements Of Her Causes Of Action Are Insufficient To State A Claim ............................................................ 5

      B.    Count II Must Be Dismissed As Duplicative Of Count I ......................... 6

      C.    Count V Is Time-Barred And Must Be Dismissed .................................. 7

      D.    Each of Plaintiff's TVPA Claims (Counts VI-IX) Are Partially Time-Barred ............................................................................................ 7

      E.    Plaintiff's TVPA Claims Against The Corporate Defendants (Counts VII-IX) Must Be Dismissed In Their Entirety For The Additional Reason That They Are Missing Required Elements ............... 8

      F.    Plaintiff's TVPA Claims Against The Corporate Defendants (Counts VII-IX) Must Be Dismissed In Their Entirety As Conclusory and Unsupported ..................................................................... 9

      G.    Plaintiff's Negligence Claims Against the Corporate Defendants (Counts X-XII) Are Time-Barred ........................................................... 12

      H.    Plaintiff's Negligence Claims Against The Corporate Defendants (Counts X-XII) Fail To State A Claim Because They Merely Recite The Damages Element Of Negligence .......................................... 12

      I.    Plaintiff's Negligence Claims Against NES And HBRK Fail For The Additional Reason That They Rely On Impermissible Group Pleading ................................................................................................... 13

      J.    Plaintiff's Negligence Claim Against FTC (Count X) Is Also Entirely Conclusory ................................................................................ 14

      K.    Plaintiff's Claims For Punitive Damages Must Be Dismissed Because They Are Precluded By New York Law .................................... 16

CONCLUSION ................................................................................................................... 18

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)................................................................................5, 10, 13, 15

*Banks v. Int'l Rental & Leasing Corp.,*
    55 V.I. 967 (V.I. 2011) ......................................................................................17

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)................................................................................5, 13, 14

*Blasetti v. Pietropolo,*
    213 F. Supp. 2d 425 (S.D.N.Y. 2002).................................................................16

*Deutsch v. Novartis Pharms. Corp.,*
    723 F. Supp. 2d 521, 524 (E.D.N.Y. 2010) ........................................................16

*Disability Rights New York v. New York State,*
    No. 17-cv-6965-RRM-SJB, 2019 WL 2497907 (E.D.N.Y. June 14, 2019)............11

*Francisco v. Susano,*
    525 Fed. App'x 834 (10th Cir. 2013) ..................................................................17

*Geiss v. Weinstein Co. Holdings LLC,*
    383 F. Supp. 3d 156 (S.D.N.Y. 2019).................................................................8

*Gov't of Virgin Islands v. Connor,*
    No. S. CT. CIV. 2013-0095, 2014 WL 702639 (V.I. Feb. 24, 2014) ....................17

*Graham v. Henderson,*
    224 F.R.D. 59 (N.D.N.Y. 2004).........................................................................17

*Guidi v. Inter-Continental Hotels Corp.,* No. 95-CV-9006 (LAP), 2003 U.S. Dist.
    LEXIS 6390, at *1 (S.D.N.Y. Apr. 16, 2003)) ....................................................16

*Hamilton v. Dowson Holding Co.,*
    51 V.I. 619 (D.V.I. 2009).................................................................................17

*Henson v. Wright Med. Tech., Inc.,*
    No. 12-cv-805 (FJS), 2013 WL 1296388 (N.D.N.Y. Mar. 28, 2013) ....................13

*Lawson v. Rubin,*
    No. 17-cv-6404 (BMC), 2018 U.S. Dist. LEXIS 71582 (E.D.N.Y. Apr. 29,
    2018) ..........................................................................................................8, 9

41460883v5

*Lopez v. Bonanza.com, Inc.*,
No. 17 CIV. 8493 (LAP), 2019 WL 5199431 (S.D.N.Y. Sept. 30, 2019)........................13, 14

*Man Zhang v. City of N.Y.*,
No. 17-cv-5415 (JFK), 2019 U.S. Dist. LEXIS 163485 (S.D.N.Y. Sep. 19,
2019) ................................................................................................................................15

*Mar-Cone Appliance Parts Co. v. Mangan*,
879 F. Supp. 2d 344 (W.D.N.Y. 2012) .................................................................................13

*Medrano v. MCDR, Inc.*,
366 F. Supp. 2d 625 (W.D. Tenn. 2005)................................................................................17

*In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*,
No. 1:00-1898, 2015 WL 4092326 (S.D.N.Y. July 2, 2015)..................................................14

*Noble v. Weinstein*,
335 F. Supp. 3d 504 (S.D.N.Y. 2018)....................................................................................9

*Ochre LLC v. Rockwell Architecture Planning & Design*,
No. 12-CIV-2837, 2012 U.S. Dist. LEXIS 172208 (S.D.N.Y. Nov. 28, 2012)................10, 14

*Official Comm. of Unsecured Creditors of Exeter Holdings, Ltd. v. Haltman*,
No. 13-cv-5475 (JS) (AKT), 2017 U.S. Dist. LEXIS 123752 (E.D.N.Y. Aug.
3, 2017) ............................................................................................................................17

*Powell v. Chi-Co's Distrib.*,
No. ST-13-TOR-14, 2014 V.I. LEXIS 21 (U.S.V.I. Super. Ct. Apr. 3, 2014) ........................17

*Rincon v. Covidien*,
No. 16-CV-10033 (JMF), 2017 WL 2242969 (S.D.N.Y. May 22, 2017) ...............................13

*Simons v. Marriott Corp.*,
92 Civ. 3762 (SWK), 1993 U.S. Dist. LEXIS 14365 (S.D.N.Y. Oct. 12, 1993)....................16

*SJB v. N.Y.C. Dep't of Educ.*,
No. 03 Civ. 6653, 2004 U.S. Dist. LEXIS 13227 (S.D.N.Y. July 14, 2004) .........................16

*Sofia v. Esposito*,
No. 17-cv-1829 (KPF), 2018 U.S. Dist. LEXIS 60947 (S.D.N.Y. Apr. 10,
2018) ................................................................................................................................12

*Starr Indem. & Liab. Co. v. Am. Claims Mgmt.*,
No. 14-cv-0463-JMF, 2015 U.S. Dist. LEXIS 60272 (S.D.N.Y. May 7, 2015)......................16

*The Cookware Co. (USA), LLC v. Austin*,
No. 15 Civ. 5796, 2016 U.S. Dist. LEXIS 177691 (S.D.N.Y. Dec. 8, 2016)..........................16

*Zurich Am. Ins. Co. v. Dah Sing Bank, Ltd.*,
   No. 03-cv-7778 (DLC), 2004 WL 1328215 (S.D.N.Y. June 15, 2004) ...................................11

**Statutes**

18 U.S.C. § 1591 ....................................................................................................................8, 9, 10

18 U.S.C. § 1591(a) ............................................................................................................................7

18 U.S.C. § 1592 .............................................................................................................................10

18 U.S.C. § 1593A .............................................................................................................................9

18 U.S.C. § 1594(a) .........................................................................................................................10

18 U.S.C. § 1594(c) .........................................................................................................................10

18 U.S.C. §  1595(a) .......................................................................................................................10

18 U.S.C. § 1595(c) ............................................................................................................................8

42 U.S.C. § 1981 .............................................................................................................................18

Child Victims Act ..............................................................................................................................7

EPTL § 11-3.2 (a)(1) ......................................................................................................................17

New York Child Victims Act ..........................................................................................................2, 6

New York General Construction Law § 37-a .................................................................................17

New York Penal Law Section 130 ..........................................................................................*passim*

Trafficking Victims Protection Act, 18 U.S.C. §§ 1589, *et seq.* .......................................................1

**Other Authorities**

CPLR § 208 .................................................................................................................................7, 12

CPLR § 214(5) ................................................................................................................................12

CPLR § 214-g ...............................................................................................................................6, 7

CPLR § 215(3) ..................................................................................................................................7

Federal Rule of Civil Procedure 12(b)(6) ......................................................................................1, 8

2 Linda L. Schlueter, *Punitive Damages* § 20.4 (7th ed. 2015) .....................................................17

Defendants Darren K. Indyke and Richard D. Kahn, as Co-Executors of the Estate of Jeffrey E. Epstein (the "Co-Executors"), Financial Trust Company, Inc. ("FTC"), NES, LLC ("NES"), and HBRK Associates, Inc. ("HBRK," and together with FTC and NES, the "Corporate Defendants"; and the Corporate Defendants together with the Co-Executors, the "Defendants"), submit this Memorandum of Law in Support of their Motion to Dismiss with prejudice Counts II, V, and VII through XII of Plaintiff's First Amended Complaint (ECF No. 41) ("Amended Complaint") in their entirety and Count VI to the extent it is time-barred, as well as to dismiss with prejudice Plaintiff's statutorily-precluded demand for punitive damages, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff alleges she engaged in "commercial sex acts" with Decedent Jeffrey Epstein ("Decedent") starting in 2002, when Plaintiff was 17 years old, until sometime in 2010—*i.e.*, largely when Plaintiff was already an adult.  (Am. Compl. ¶¶ 108, 111, 118, 130, 172.)  Plaintiff asserts twelve causes of action in her Amended Complaint:  three duplicative battery/sexual assault claims against the Co-Executors (Counts I, II and V); claims against the Co-Executors for intentional and negligent infliction of emotional distress (Counts III and IV, respectively); claims against each Defendant pursuant to the Trafficking Victims Protection Act, 18 U.S.C. §§ 1589, *et seq.* (the "TVPA") (Counts VI through IX, respectively); and negligence claims against each Corporate Defendant (Counts X through XII, respectively).

Plaintiff's claim against the Co-Executors for "sexual assault" pursuant to New York Penal Law Section 130 ("Section 130") (Count II) must be dismissed because it is duplicative of her first

claim, which is for "battery" pursuant to Section 130 (Count I).[1]  Plaintiff's fifth claim—also for "battery" (Count V)—fails because it is outside the scope of the New York Child Victims Act ("CVA") and thus completely time-barred.  Moreover, Plaintiff's TVPA claim against the Co-Executors should be dismissed as time-barred to the extent it is based on alleged conduct that occurred before August 2009.

All of the claims against the Corporate Defendants should be dismissed in their entirety, for several independent reasons.  Plaintiff's negligence claims against the Corporate Defendants are entirely time-barred and based on impermissible group pleading and conclusory recitals of the elements of negligence.  Plaintiff failed to articulate any *non-conclusory*, *factual* allegations of any conduct by those Defendants, let alone conduct sufficiently stating a negligence claim against them.

Plaintiff's TVPA claims against the Corporate Defendants are at least partially time-barred. They are also threadbare and conclusory, and are based on impermissible group pleading and incomplete recitations of the elements of TVPA violations without sufficient supporting allegations.

That is not surprising:  during the pre-motion conference held on December 17, 2019, Plaintiff's counsel admitted he sued the Corporate Defendants for tactical reasons:

> THE COURT: Mr. Edwards, I hold these promotion [sic] conferences to see whether or not we can avoid costly and time consuming motion practice, to see whether short of that we can streamline the issues to be adjudicated. And reading the complaint and reading defendant's letter, it seems to me that some of [Defendants' Counsel's] challenges are well taken, the group pleading for example, the conclusory statements concerning what the employees of the various corporate entities were doing. And I take it, based on the charges in the complaint, that the plaintiff here, Ms. Doe, first became

---

1.  While preserving all of their rights and legal positions, the Co-Executors do not hereby seek to dismiss the battery (Count I) and emotional distress (Counts III and IV) claims against them. Nor do the Co-Executors seek to dismiss the TVPA claim (Count VI) against them in its entirety at this stage of this litigation.

involved with Mr. Epstein when she was 17 in 2002 but continued to be victimized as alleged until 2010, so presumably she was by that point 25 years old.

MR. EDWARDS: Correct.

THE COURT: Approximately. And presumably she had in her head additional greater detail concerning specific individuals and specific actions that were taken, so all of which is to ask rather than jump immediately into motion practice, do you believe there is a way that you might be able to amend the complaint in order to address some of these alleged deficiencies?

MR. EDWARDS: I do, your Honor. And I think there is also an additional way that can probably streamline things significantly. *One of the reasons that additional parties were brought into this case, the corporate defendants, is the belief -- what I think would be an obvious belief -- that there would likely be insurance coverage to cover some of these acts*.

(Dec. 17, 2019 Tr. 9:20 – 10:22 (emphasis added).)

Plaintiff's Amended Complaint did not "streamline" anything. Nor are Defendants aware of any applicable insurance coverage. However, even without Plaintiff's Counsel's admission, the claims against the Corporate Defendants must be dismissed for the reasons stated above and more fully explained below.

Plaintiff's demand for punitive damages must also be dismissed as a matter of law. New York Estates, Powers and Trusts Law expressly bars recovery of punitive damages in any personal injury action brought to recover damages from a decedent tortfeasor's estate—*i.e.*, exactly what Plaintiff seeks here.

## <u>STATEMENT OF FACTS</u>

Plaintiff alleges that, in 2002 — when she was 17 — she met Decedent for the first time at his residence after going there to give him dance lessons. (Am. Compl. ¶¶ 75-78.) Plaintiff further alleges that, at some point, she was asked to return to Decedent's residence to give him a massage. (*Id.* ¶¶ 88-89, 92-94.)

Plaintiff claims she returned to give Decedent a massage, at which time he sexually assaulted her.  (*Id.* ¶¶ 98-99.)  Plaintiff further alleges that she nevertheless returned to Decedent's residence "on many occasions where she was continually sexually abused, and after each such occasion was paid hundreds of dollars."  (*Id.* ¶ 104.)  This occurred, according to Plaintiff, until sometime in 2010, when she was 25.  (*Id.* ¶ 108.)  Accordingly, the majority of this alleged conduct took place while Plaintiff was already an adult.

Though far from clear, Plaintiff further alleges that, after Decedent was released from prison in 2009 — when Plaintiff was 24 years old — Decedent somehow "created a new fraud," and "forced Plaintiff to seek a profession as a masseuse."  (*Id.* ¶¶ 149, 154.)  Decedent allegedly did this by directing someone referred to as "Associate 6" to give Plaintiff three different "trainings" to explain various massage techniques, but "would not allow Plaintiff to acquire outside training or massage licensure."  (*Id.* ¶¶ 161-162.)  Decedent allegedly made a "donation" to a certain dance company but conditioned that payment on using the money to pay Plaintiff to provide massages to members of the dance company.  (*Id.* ¶ 165.)

In contrast with Plaintiff's allegations of Decedent's behavior, her allegations regarding the Corporate Defendants are entirely vague and conclusory.  With few immaterial exceptions, Plaintiff does not articulate any non-conclusory facts relating to the individual Corporate Defendants, much less any conduct with a nexus to Plaintiff.  Instead, Plaintiff relies upon group pleading, often referring collectively to "Defendants HBRK, NES, and Financial Trust" (*see e.g., id.* ¶¶ 68-74) or making identical, generalized allegations against two or more of the Corporate Defendants (*see, e.g., id.* ¶ 41: "HBRK employees were expected to maintain large amounts of cash"; ¶ 49: "NES employees were expected to maintain large amounts of cash").  Where Plaintiff does include individualized allegations, they are still vague and conclusory, such as accusing

4

unidentified Corporate Defendant "employees" of general misconduct without even attempting to connect such conduct to Plaintiff, let alone any harms she allegedly suffered.  As further explained below, that conclusory pleading unaccompanied by supporting facts is insufficient to state a plausible claim for relief.

## ARGUMENT

### A.   Legal Standard: Plaintiff's Legal Conclusions, Labels And Formulaic Recitations Of The Elements Of Her Causes Of Action Are Insufficient To State A Claim

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While the Court must normally accept as true all well-pleaded factual allegations in a complaint and draw all inferences in a plaintiff's favor, those principles are "inapplicable to legal conclusions." *Id.* at 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 556 (2007)).  Thus, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007).

While Plaintiff alleges some facts about Decedent in support of the causes of action against the Co-Executors, Plaintiff fails to similarly support her claims against the Corporate Defendants. Plaintiff's allegations do not sufficiently articulate what any specific person acting on behalf of the Corporate Defendants did, or failed to do, that gives rise to liability against any of them.  Nor does Plaintiff allege any facts about how any Corporate Defendants caused any of Plaintiff's alleged damages.  Rather, Plaintiff largely alleges broad categories of alleged activity committed by unidentified Corporate Defendant "employees," without establishing any nexus to her.

Plaintiff only attempts to connect her alleged damages to the Corporate Defendants on a few occasions, but only by group pleading and in a threadbare fashion.  For example, Plaintiff alleges Decedent "as well as related Corporate Defendants and employees thereof" groomed her

for sexual exploitation.  (Am. Compl.  ¶ 102.)  However, Plaintiff does not articulate how any of the Corporate Defendants "groomed" her or which employees of which Corporate Defendant did anything to her in this regard.

Plaintiff also alleges that Decedent, "and others who acted under his direction, including employees for Defendants" "seized" on Plaintiff's desire to succeed in the dance world in order to control and manipulate her.  (*Id.* ¶ 103.)  However, Plaintiff does not allege how any Corporate Defendant's employees "seized" on her desire or who did anything wrong to her in this respect.

Such deficiencies in pleading necessitate dismissal of the claims against the Corporate Defendants in their entirety.  In addition, some of these same claims are partially or wholly time-barred.  Each cause of action subject to dismissal is further addressed below.

**B.      Count II Must Be Dismissed As Duplicative Of Count I**

Plaintiff asserts two causes of action alleging Section 130 offenses:  (Count I) "battery" based on alleged activity in 2002 that Plaintiff claims violated New York Penal Law §§ 130.20, 130.35, 130.50, 130.52 and 130.66 (Am. Compl. ¶¶ 174-75.); and (Count II) "sexual assault" also based on alleged activity in 2002, which claim Plaintiff contends is timely under CPLR § 214-g (*Id.* ¶¶  180-86.)[2]

Of the seven paragraphs in Count II of the Plaintiff's First Amended Complaint, five are copied and pasted directly from Count I.  (*Compare* Am. Compl. ¶¶ 173-74 and 177-79 *with* ¶¶ 180-81 and 184-86.)  The repeated sections include the allegation of Plaintiff's minor status in 2002, the claim that the cause of action "arises out of conduct …that constitutes a sexual offense

---

2.   CPLR § 214-g was enacted last year as part of the CVA.  The CVA created a one-year window in which civil claims alleging damages "suffered as a result of conduct which would constitute a sexual offense *as defined in article one hundred thirty of the penal law* committed against a child less than eighteen years of age" may be filed despite the statute of limitations having already run.  CPLR § 214-g (emphasis added).

as defined in Article One Hundred Thirty of the New York Penal Law," and the legal conclusion that the cause of action is "timely under the Child Victims Act". (*Id.*)  While not identical, the remaining two paragraphs of Count II effectively restate aspects of their longer counterparts in Count I.

These two Counts state the same legal claim based on the same factual allegations.  Because Count II is duplicative of Count I, the Court should dismiss it.

## C.    Count V Is Time-Barred And Must Be Dismissed

The CVA is limited in scope; it only revives claims alleging certain underlying Section 130 violations.  CPLR § 214-g.  Like Count I, Count V asserts a claim for "battery."  However, Count V, unlike Count I, does *not* invoke Section 130 or the CVA.

Under New York law, actions for battery against adults must be commenced within one year.  CPLR § 215(3).  Minors may commence actions for battery up to one year after turning eighteen.  CPLR § 208.

Plaintiff alleges that she was seventeen in 2002; she therefore turned eighteen in 2002 or 2003. (*See* Am. Compl. ¶ 75.)  She further alleges that all improper conduct took place between 2002 and 2010.  (*Id.* ¶¶ 108, 111, 118, 130, 172.)  Therefore, Plaintiff's non-CVA battery claims based on conduct that allegedly occurred in 2002, while Plaintiff was a minor, expired sometime in 2003 or 2004.  Any battery claim based on conduct that allegedly occurred while Plaintiff was an adult expired a year after the alleged conduct occurred—*i.e.*, by some time in 2011 at the latest.  Because Count V is time-barred, the Court should dismiss it in its entirety.

## D.    Each of Plaintiff's TVPA Claims (Counts VI-IX) Are Partially Time-Barred

Each of Plaintiff's TVPA claims is partially time-barred.  No action may be maintained under subsection 18 U.S.C. § 1591(a), which provides for civil TVPA causes of action, "unless it is commenced not later than the later of (i) 10 years after the cause of action arose or (ii) 10 years

after the victim reaches 18 years of age, if the victim was a minor at the time of the alleged offense." 18 U.S.C. § 1595(c).

As explained above, Plaintiff alleges that she was seventeen years old in 2002—and thus turned eighteen in either 2002 or 2003—and that Decedent's alleged misconduct ended in 2010. (Am. Compl. ¶¶ 75, 108, 111, 118, 130, 172.) Plaintiff filed this action on August 20, 2019. (ECF Doc. 1.) To the extent they are based on alleged conduct that occurred before August 20, 2009, Counts VI-IX must be dismissed.

**E.    Plaintiff's TVPA Claims Against The Corporate Defendants (Counts VII-IX) Must Be Dismissed In Their Entirety For The Additional Reason That They Are Missing Required Elements**

Counts VII through IX assert that each Corporate Defendant violated the TVPA. However, Plaintiff fails to plead, much less support, the necessary elements of a TVPA violation.

Section 18 U.S.C. § 1591, which provides the predicate offenses on which Plaintiff bases her civil TVPA claims against the Corporate Defendants, contains two intent requirements: (1) knowingly recruiting a person (or knowingly benefitting from such a venture); and (2) knowing that means of force, threats of force, fraud or coercion will be used by a person or the venture to cause a person to engage in a commercial sex act. *Lawson v. Rubin*, No. 17-cv-6404 (BMC), 2018 U.S. Dist. LEXIS 71582, at *35 (E.D.N.Y. Apr. 29, 2018). "The participation giving rise to the benefit must be participation *in a sex-trafficking venture*, not participation in other activities engaged in by the sex traffickers that do not further the sex-trafficking aspect of their venture." *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 169 (S.D.N.Y. 2019) (emphasis in original) (citing *U.S. v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016)).

Plaintiff fails to allege either of these essential elements of a TVPA violation. Such incomplete TVPA claims brought against alleged participants in and beneficiaries of trafficking schemes are properly dismissed on a Rule 12(b)(6) motion. *See Geiss*, 383 F. Supp. 3d at 169

(dismissing TVPA claim against Harvey Weinstein's employer because plaintiff failed to allege any benefits the employer received from participation in Weinstein's alleged sex-trafficking venture); *Noble v. Weinstein*, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018) (dismissing TVPA claim against Weinstein's brother; "The Amended Complaint does not contain any specific factual allegations that plausibly allege Robert [Weinstein] knew of, or participated in, Harvey's [Weinstein] alleged violation of Section 1591 in Cannes."); *Lawson*, 2018 U.S. Dist. LEXIS 71582, at *11 (dismissing TVPA claim where plaintiffs did not allege facts showing peripheral defendant knowingly benefited from participation in trafficking venture or knew or acted in reckless disregard of the fact that force, threats of force, fraud or coercion would be used to cause plaintiffs to engage in commercial sex act).

Therefore, Counts VII through IX should be dismissed.

**F. Plaintiff's TVPA Claims Against The Corporate Defendants (Counts VII-IX) Must Be Dismissed In Their Entirety As Conclusory and Unsupported**

Plaintiff's allegations purportedly in support of the TVPA violations alleged in Counts VII through IX are wholly conclusory.  In a series of largely identical allegations, copied and pasted in succession, Plaintiff alleges that each Corporate Defendant:

- "by and through its management and personnel, within the special maritime and territorial jurisdiction of the United States, in interstate and foreign commerce, and/or affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, solicited by any means Plaintiff" (Am. Compl. ¶¶ 213, 222, 230);

- violated 18 U.S.C. § 1591 (making punishable sex trafficking of children or by force, fraud, or coercion) on the conclusory basis each Corporate Defendant "by and through its management and personnel, knew that means of fraud or coercion, and/or combinations of such means, would be used, and were in fact used, in order to cause Plaintiff to engage in commercial sex acts" (*id.* ¶¶ 214, 223, 231);

- violated 18 U.S.C. § 1593A (making punishable benefitting financially from peonage, slavery, and trafficking in persons) on the conclusory basis that "by and through its management and personnel knowingly benefitted, financially and by receiving things of value, from participating in a venture (the Epstein sex trafficking

venture enterprise) which had engaged in acts in violation of 18 U.S.C. § 1592 and 1595(a), knowing that the venture had engaged in such violations" (*id.* ¶¶ 215, 232)

- attempted to violate 18 U.S.C. § 1591 and in so doing violated 18 U.S.C. § 1594(a) (making punishable attempted violations of, among other TVPA sections, 18 U.S.C. § 1591) (*id.* ¶¶ 216, 224, 233);

- violated 18 U.S.C. § 1594(c) (making punishable conspiracy with another to violate 18 U.S.C. § 1591) on the conclusory basis that each Corporate Defendant "by and through its management and personnel, conspired with other members of the enterprise, and with other persons and companies, known and unknown, to violate 18 U.S.C. § 1591" (*id.* ¶¶ 217, 225, 234); and

- "by and through its management and personnel, participated in a venture with Jeffrey Epstein's enterprise by knowingly recruiting, transporting, soliciting, obtaining, and maintaining Plaintiff knowing that fraud or coercion would be used to cause Plaintiff to commit a commercial sex act" (*id.* ¶¶ 219, 227, 236).

More is required than this type of "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Plaintiff fails to articulate any facts supporting her conclusory allegations recited above. Plaintiff does not even identify who acted on the Corporate Defendants' behalf during the times relevant to Plaintiff's allegations, let alone what any such person knew or did that could give rise to TVPA liability against the Corporate Defendants.

The only allegations—which are still not sufficient to state a claim—that even attempt to explain what any individual Corporate Defendant's role was in the alleged trafficking are entirely vague. For example, Plaintiff alleges that the Corporate Defendants' employees were expected to make telephone calls to young females (Am. Compl. ¶¶ 43, 51) and maintain a schedule for appointment times (*id.* ¶¶ 44, 52). However, Plaintiff fails to articulate who did these things or when they occurred.

Not only are such allegations insufficient to state a claim, they impermissibly lump the Corporate Defendants' alleged conduct together. "Where a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish the conduct of each of the defendants." *Ochre LLC v. Rockwell Architecture Planning & Design*, No. 12-CIV-2837, 2012

U.S. Dist. LEXIS 172208, at *16-17 (S.D.N.Y. Nov. 28, 2012).  A complaint such as this, which "'lumps the [] defendants together and asserts that they collectively' committed certain alleged acts, requires dismissal." *Zurich Am. Ins. Co. v. Dah Sing Bank, Ltd.*, No. 03-cv-7778 (DLC), 2004 WL 1328215, at *6 (S.D.N.Y. June 15, 2004); *see also Disability Rights New York v. New York State*, No. 17-cv-6965-RRM-SJB, 2019 WL 2497907, at *23–24 (E.D.N.Y. June 14, 2019) (where complaint "does not, for example, allege any particular actions [defendants] have taken pertaining to [p]laintiff's claims" and "groups all [d]efendants together in a way that would make it impossible for each [d]efendant to understand what conduct he is alleged to have taken," the claims "should also be dismissed").

While Plaintiff pleads a few slightly different allegations against FTC, they are equally conclusory.  For example, Plaintiff alleges that: Decedent committed the alleged improper acts "[w]hile in the course and scope of employment with [FTC]"; FTC "knowingly turned a blind eye to the dangerous sexual addictive propensities of its employee"; and FTC "operated to further [Decedent]'s goal to obtain, recruit, and procure young females for the purposes of providing him with sexually explicit massages."  (Am. Compl. ¶¶ 56-58.)

However, there are absolutely no facts alleged to support Plaintiff's conclusory allegations. With the exception of the allegation – itself conclusory and threadbare – that Decedent received improper massages during business hours while in the scope and course of his employment (*Id*. ¶ 62), there is no allegation linking FTC to Plaintiff at all.   Such allegations are insufficient to state a claim.

Therefore, Counts VII-IX must be dismissed in their entirety.

11

**G.**     **Plaintiff's Negligence Claims Against the Corporate Defendants (Counts X-XII) Are Time-Barred**

Plaintiff asserts negligence claims against each Corporate Defendant for conduct allegedly occurring both when she was a minor and when she was an adult.  However, regardless of whether Plaintiff was a minor when the alleged conduct occurred, these claims expired many years ago.

Each of Plaintiff's claims for negligence includes the identical, conclusory allegation that the Corporate Defendants' negligence resulted in her personal injuries.  (Am. Compl. ¶¶ 260; 274; 288.)  Under New York law, the statute of limitations for such negligence claims is three years. CPLR § 214(5).  If the victim of the alleged negligent conduct was a minor, she is entitled to bring her claims within three years after becoming an adult.  CPLR § 208.

Here, Plaintiff alleges misconduct between 2002 and 2010, starting when she was seventeen and ending when she was approximately twenty-five.  (*See* Am. Compl. ¶¶ 75, 108, 111, 118, 130.)  Accordingly, the conduct that occurred when Plaintiff was a minor (*i.e.*, in 2002 and possibly 2003) expired three years after she reached the age of majority -- *i.e.*, in 2006 at the latest. The alleged conduct that took place while Plaintiff was an adult (*i.e.*, from 2002 or 2003 through 2010) expired by 2013 at the latest.  Accordingly, each of Plaintiff's negligence claims is time-barred and must be dismissed.

**H.**     **Plaintiff's Negligence Claims Against The Corporate Defendants (Counts X-XII) Fail To State A Claim Because They Merely Recite The Damages Element Of Negligence**

Plaintiff's negligence claims fail for another reason: they are conclusory including with respect to alleged damages.   "Under New York law, a plaintiff must establish the following elements to state a claim for negligence: '(i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach.'"  *Sofia v. Esposito*, No. 17-cv-1829 (KPF), 2018 U.S. Dist. LEXIS 60947, at *10 (S.D.N.Y. Apr. 10, 2018) (quoting

*Pasternack v. Lab. Corp. of Am. Holdings*, 807 F.3d 14, 19 (2d Cir. 2015)). While the type of negligence alleged varies slightly among FTC, NES and HBRK, in each instance Plaintiff fails to do more than merely recite the damages elements.

Plaintiff alleges that FTC, NES and HBRK's "negligence was a proximate cause of the sexual offenses committed against Plaintiff." (Am. Compl. ¶¶ 259, 273, 287.) However, Plaintiff fails to articulate how any of the Corporate Defendants' alleged breaches of alleged duties contributed to Decedent's alleged conduct. Where, as here, "[n]othing in the Amended Complaint even endeavors to explain why [a defendant's involvement] is a more likely, let alone proximate, cause of [the plaintiff]'s alleged harms," the "claims plainly fail as a matter of law." *Rincon v. Covidien*, No. 16-CV-10033 (JMF), 2017 WL 2242969, at *1 (S.D.N.Y. May 22, 2017) ("Ignoring conclusory assertions and the recitation of legal standards, however, [plaintiff] fails to allege any facts that plausibly establish such causation" and "therefore, [plaintiff] offers only the sort of '[t]hreadbare recital[ ] of the elements of a cause of action, supported by mere conclusory statements,' that the Supreme Court has made clear is insufficient to survive a motion to dismiss.") (quoting *Iqbal*, 556 U.S. at 678); *see also Henson v. Wright Med. Tech., Inc.*, No. 12-cv-805 (FJS), 2013 WL 1296388, at *2 (N.D.N.Y. Mar. 28, 2013); *Mar-Cone Appliance Parts Co. v. Mangan*, 879 F. Supp. 2d 344, 379–80 (W.D.N.Y. 2012).

Here, as in *Rincon*, Plaintiff's negligence claims "plainly fail as a matter of law."

I.    **Plaintiff's Negligence Claims Against NES And HBRK Fail For The Additional Reason That They Rely On Impermissible Group Pleading**

Plaintiff compounds the pleading deficiencies described above by relying heavily on impermissible group pleading. (*See, e.g.*, Am. Compl. ¶¶ 36, 68-70, 73, 83-84, 90, 92.) "It is well established that general allegations against all defendants cannot support liability against individual defendants who are not alleged to have actually engaged in the identified activity."

*Lopez v. Bonanza.com, Inc.*, No. 17 CIV. 8493 (LAP), 2019 WL 5199431, at *10 n.20 (S.D.N.Y. Sept. 30, 2019) (citing *Twombly*, 550 U.S. at 557) ("Plaintiff's generalized conclusory allegations relating to all 'Defendants' also fail to establish claims [] against the [] 12(b)(6) Moving Defendants."). Consequently,

> [w]here a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish the conduct of each of the defendants … A plaintiff cannot merely lump all the defendants together in each claim and provide no factual basis to distinguish their conduct.

*Ochre*, 2012 U.S. Dist. LEXIS 172208, at *16-17 (citing *Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001); *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)); *see also In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, No. 1:00-1898, 2015 WL 4092326, at *5 (S.D.N.Y. July 2, 2015) ("The remaining allegations accusing defendants—as a group—of engaging in deceptive conduct or otherwise violating the UTPCPL are simply too vague as to each defendant under *Twombly* and its progeny to state a claim.").

Even in the sections of the First Amended Complaint purporting to address the individual Corporate Defendants, Plaintiff simply copied and pasted many of the exact same conclusory allegations, changing only the name of the individual corporation. (*Compare Am. Compl.* ¶¶ 39-46 *with* ¶¶ 47-54.) To the extent Plaintiff broadly alleged conduct by employees of multiple Corporate Defendants without differentiating among them, these allegations are insufficient to state a plausible claim for relief against them. *See Lopez*, 2019 WL 5199431, at *10 n.20.

The negligence claims against NES and HBRK must be dismissed for these additional reasons.

**J.     Plaintiff's Negligence Claim Against FTC (Count X) Is Also Entirely Conclusory**

Plaintiff's negligence claim against FTC appears to be predicated purely upon its alleged employment of Decedent, and thus one for negligent supervision of an employee. (*See, e.g.*, Am.

Compl. ¶ 241) ("Defendant, Financial Trust, had a duty to exercise reasonable care to refrain from retaining in its employ, a person with known dangerous propensities in a position that would present a foreseeable risk of harm to others.")).   However, in addition to the elements of negligence, a plaintiff asserting negligent supervision must plausibly allege:  (1) the tortfeasor and the defendant were in an employee-employer relationship; (2) the employer knew or should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence; and (3) the tort was committed on the employer's premises or with the employer's chattels.  *Man Zhang v. City of N.Y.*, No. 17-cv-5415 (JFK), 2019 U.S. Dist. LEXIS 163485, at *14 (S.D.N.Y. Sep. 19, 2019) (citing *Green v. City of Mount Vernon*, 96 F. Supp. 3d 263, 297 (S.D.N.Y. 2015); *Ehrens v. Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004)).

Aside from sparse allegations that effectively recite these elements of a negligent supervision cause of action, Plaintiff does not allege any supporting facts regarding the knowledge of any FTC employees, if any.  Instead, in listing her causes of action, Plaintiff conclusively states that FTC employed Decedent, that Decedent's "activity in violation of New York Penal Law Section 130 … was known or should have been known" to FTC, that FTC had some sort of unspecified duty to avoid employing Decedent in his unidentified position, and that FTC's "negligence was a proximate cause" of the battery described in Count II.  (Am. Compl. ¶¶ 240-241, 246.)  Plaintiff likewise alleges that Decedent "frequently utilize[ed] corporate finances in furtherance of his sexually explicit behavior," but fails to allege any facts to support this assertion, which is a necessary element for this tort.  *See Man Zhang*, 2019 U.S. Dist. LEXIS 163485, at *14 (citing *Green*, 96 F. Supp. 3d at 297; *Ehrens*, 385 F.3d at 235).  These are exactly the kind of "threadbare recitals of the elements of a cause of action" which are insufficient to support a claim. *See Iqbal*, 556 U.S. at 678.

**K.**     **Plaintiff's Claims For Punitive Damages Must Be Dismissed Because They Are Precluded By New York Law**

Finally, Plaintiff's claims for punitive damages are barred as a matter of law and thus should be dismissed.  As an initial matter, Courts in this District regularly grant motions to dismiss claims for punitive damages.  *See, e.g., The Cookware Co. (USA), LLC v. Austin*, No. 15 Civ. 5796, 2016 U.S. Dist. LEXIS 177691, at *17 (S.D.N.Y. Dec. 8, 2016) (Batts, J.) (granting motion to dismiss claim for punitive damages without leave to replead because allegations regarding defendant's bad faith conduct were conclusory and did not rise to required level of malice); *SJB v. N.Y.C. Dep't of Educ.*, No. 03 Civ. 6653, 2004 U.S. Dist. LEXIS 13227, at *25-26 (S.D.N.Y. July 14, 2004) (Buchwald, J.) (granting motion to dismiss punitive damages claims because punitive damages were not statutorily available); *Blasetti v. Pietropolo*, 213 F. Supp. 2d 425, 431-32 (S.D.N.Y. 2002) (Kaplan, J.) ("[the] claim for punitive damages … is dismissed.").

The Court must look to the choice-of-law rules of the forum state—here, New York—to determine this issue. *Simons v. Marriott Corp.*, 92 Civ. 3762 (SWK), 1993 U.S. Dist. LEXIS 14365, at *15 (S.D.N.Y. Oct. 12, 1993).  Under New York law, the law of the state where a tort occurs generally applies to punitive damages.  *See Starr Indem. & Liab. Co. v. Am. Claims Mgmt.*, No. 14-cv-0463-JMF, 2015 U.S. Dist. LEXIS 60272, *7 (S.D.N.Y. May 7, 2015) ("Because punitive damages are conduct-regulating, 'the law of the jurisdiction where the tort occurred will generally apply.'" (quoting *Deutsch v. Novartis Pharms. Corp.*, 723 F. Supp. 2d 521, 524 (E.D.N.Y. 2010)); *Guidi v. Inter-Continental Hotels Corp.*, No. 95-CV-9006 (LAP), 2003 U.S. Dist. LEXIS 6390, at *1 (S.D.N.Y. Apr. 16, 2003)).

Here, Plaintiff alleges tortious conduct occurring solely in New York.  (Am. Compl. ¶¶ 77-78, 95, 107, 135.)  New York law precludes Plaintiff from recovering punitive damages from the Co-Executors.  New York Estates, Powers And Trusts Law provides:  "No cause of action for

16

injury to person or property is lost because of the death of the person liable for the injury.  For any

injury, an action may be brought or continued against the personal representative of the decedent,

*but punitive damages shall not be awarded nor penalties adjudged in any such action brought to*

*recover damages for personal injury*."  NY EPTL § 11-3.2 (a)(1) (emphasis added).  "Also, 'there

is a strong policy against the assessment of punitive damages against an estate on account of

wrongful conduct of the decedent.'"  *Graham v. Henderson*, 224 F.R.D. 59, 63 (N.D.N.Y. 2004)

(quoting *Blissett v. Eisensmidt*, 940 F. Supp. 449, 457 (N.D.N.Y. 1996)).

New York General Construction Law § 37-a defines "personal injury" as including "an

assault, battery, false imprisonment, or other actionable injury to the person either of the plaintiff,

or of another."  Here, Plaintiff seeks to recover damages for personal injuries.  Accordingly,

Plaintiff may not recover punitive damages based on alleged torts that occurred in New York.[3]

Nor are punitive damages available to Plaintiff under the TVPA, which is a punitive statute.

*Francisco v. Susano*, 525 Fed. App'x 834 (10th Cir. 2013).  A federal cause of action that is penal

in nature, as opposed to remedial, abates upon a party's death.  *Official Comm. of Unsecured*

*Creditors of Exeter Holdings, Ltd. v. Haltman*, No. 13-cv-5475 (JS) (AKT), 2017 U.S. Dist. LEXIS

123752, at *22 (E.D.N.Y. Aug. 3, 2017).  Even where a federal cause of action survives death,

punitive damages are unavailable.  *See, e.g.*, *Medrano v. MCDR, Inc.*, 366 F. Supp. 2d 625, 635

---

3.  Even if the law of the Virgin Islands applied, which it does not, the result would be the same.  USVI courts apply a "*Banks* analysis" to determine U.S.V.I. common law.  *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967, 979 (V.I. 2011).  The *Banks* analysis includes consideration of three factors:  (1) whether any USVI courts have previously adopted a particular rule; (2) the position taken by a majority of courts of other jurisdictions; and (3) most importantly, which approach represents the soundest rule for the USVI.  *Gov't of Virgin Islands v. Connor*, No. S. CT. CIV. 2013-0095, 2014 WL 702639, at *1 (V.I. Feb. 24, 2014).  Each *Banks* factor favors Defendants here:  (1) pre-*Banks*, USVI courts expressed approval for the general rule that punitive damages cannot be recovered against the personal representatives of a wrongdoer's estate (*see, e.g.*, *Hamilton v. Dowson Holding Co.*, 51 V.I. 619, 628 (D.V.I. 2009) (considering the inverse issue)); (2) a majority of courts from other jurisdictions preclude punitive damages against the personal representatives of a wrongdoer's estate (2 Linda L. Schlueter, *Punitive Damages* § 20.4 (7th ed. 2015)); and (3) post-*Banks*, USVI courts have held Restatement § 908 represents the soundest rule for the USVI (*see Powell v. Chi-Co's Distrib.*, No. ST-13-TOR-14, 2014 V.I. LEXIS 21, at *5 n.13 (U.S.V.I. Super. Ct. Apr. 3, 2014)).

(W.D. Tenn. 2005) (dismissing deceased the plaintiff's claim for punitive damages under 42 U.S.C. § 1981).

Therefore, Plaintiff's claims for punitive damages must be dismissed.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court dismiss Counts II, V and VII through XII of Plaintiff's First Amended Complaint in their entirety and Count VI to the extent it is time-barred, as well as Plaintiff's claims for punitive damages, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
　　　February 24, 2020

By: */s/ Bennet J. Moskowitz*
　Bennet J. Moskowitz
　TROUTMAN SANDERS LLP
　875 Third Avenue
　New York, New York 10022

　*Attorneys for Defendants*