**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LISA DOE, | |
| *Plaintiff*, | |
| v. | Case No. 1:19-cv-07773 (ER) (DCF) |
| DARREN K. INDYKE AND RICHARD D. KAHN AS JOINT PERSONAL REPRESENTATIVES OF THE ESTATE OF JEFFREY E. EPSTEIN, FINANCIAL TRUST COMPANY, INC., NES, LLC, HBRK ASSOCIATES, INC., | |
| *Defendants.* | |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

TROUTMAN SANDERS LLP
875 Third Avenue
New York, New York 10022
Tel: 212-704-6000
Fax: 212-704-6288

*Attorneys for Defendants*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ....................................................................................................................... 1

    A.    Plaintiff's attempt to rewrite Count II is impermissible and futile. ...................... 1

    B.    Plaintiff's arguments confirm Count V is duplicative of Count I or time-barred. ................................................................................................................. 2

    C.    Plaintiff's "overt act" argument fails because she does not allege overt acts occurring after August 20, 2009. .......................................................................... 4

    D.    Plaintiff does not overcome her failure to plead the TVPA's elements for Counts VII-IX. .................................................................................................... 6

    E.    Plaintiff fails to point to any allegations to support a finding by the Court, necessary at the pleadings stage, that any of the Corporate Defendants plausibly owed her a duty of care. ........................................................................ 7

    F.    Plaintiff's conclusory assertion that the Corporate Defendants were in the business of facilitating sex trafficking is insufficient to state a negligence claim................................................................................................................... 9

    G.    There is no sound basis for Plaintiff's request to disregard black-letter law prohibiting recovery of punitive damages against a deceased tortfeasor's estate. ................................................................................................................. 11

CONCLUSION.................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cal Distrib. Inc. Cadbury Schweppes Ams. Bevs., Inc.*,
No. 06 Civ. 0496 (RMB) (JCF), 2007 U.S. Dist. LEXIS 854, at *20-21
(S.D.N.Y. Jan. 5, 2007)............................................................................................................2

*Christodoulou v. Terdeman*,
262 A.D.2d 595 (2d Dept. 1999) ............................................................................................3

*Doe v. Abdulaziz Bin Fahd Alsaud*,
12 F. Supp. 3d 674 (S.D.N.Y. 2014) (Sweet, J.)........................................................9, 10, 11

*Farash v. Cont'l Airlines, Inc.*,
337 F. App'x 7 (2d Cir. 2009) ................................................................................................7

*Gallina v. Thatcher*,
No. 2017-52980, 2018 N.Y. Misc. LEXIS 8435 (Sup. Ct. Dutchess Cnty. Oct.
23, 2018) ...............................................................................................................................3, 4

*Holborn Corp. v Sawgrass Mut. Ins. Co.*,
304 F Supp 3d 392 (S.D.N.Y. 2018).......................................................................................6

*Kahlily v. Francis*,
No. 08-c-1515, 2008 U.S. Dist. LEXIS 101745 (N.D. Ill. Dec. 16, 2008)...........................12

*Crabtree ex rel. Kemp v. Estate of Crabtree*,
837 N.E.2d 135 (Ind. 2005) ..................................................................................................11

*McElligott v. City of N.Y.*,
No. 15-cv-7107 (LGS), 2017 U.S. Dist. LEXIS 201829 (S.D.N.Y. Dec. 7,
2017) .........................................................................................................................................3

*Perez v. Int'l Bhd. of Teamsters, AFL-CIO*,
No. 00 Civ. 1983 (LAP) (JCF), 2002 U.S. Dist. LEXIS 16985 (S.D.N.Y. Sept.
11, 2002) ...................................................................................................................................2

*Tighe v. Purchase*,
No. 1:11-cv-224, 2015 U.S. Dist. LEXIS 57488 (W.D. Pa. May 1, 2015) ...........................12

*Torain v. Casey*,
No. 16-cv-2682 (VEC) (JCF), 2016 U.S. Dist. LEXIS 127681 (S.D.N.Y. Sep.
16, 2016) ...............................................................................................................................7, 8

*United States v. LaSpina*,
    299 F.3d 165 (2d Cir. 2002) ..................................................................................5

*Upper Hudson Planned Parenthood, Inc. v. Doe*,
    No. 90-CV-1084, 1991 U.S. Dist. LEXIS 13063 (N.D.N.Y. Sep. 12, 1991) ...........5

*Wright v. Ernst & Young LLP*,
    152 F.3d 169 (2d Cir. 1998) ..................................................................................2

**Statutes**

18 U.S.C. § 1591(a) ......................................................................................................5

18 U.S.C. § 1594(c) ...................................................................................................4, 5

18 U.S.C. § 1595(c) ......................................................................................................5

E.P.T.L. § 11-3.2(a)(1) ...............................................................................................11

New York Penal Law § 130 ..........................................................................................2

**Other Authorities**

CPLR § 215(3) ...............................................................................................................2

CPLR § 215(8)(a) ...................................................................................................2, 3, 4

Defendants[1] submit this reply memorandum of law in further support of their motion to dismiss with prejudice Counts II, V, and VII through XII of Plaintiff's First Amended Complaint (ECF No. 41) (the "Complaint") in their entirety and Count VI to the extent it is time-barred, as well as to dismiss with prejudice Plaintiff's statutorily precluded demand for punitive damages.

## PRELIMINARY STATEMENT

Plaintiff's counsel's admission to the Court that he sued the Corporate Defendants for tactical reasons (*see* Mov. Br. pp. 2-3), as well as Plaintiff's admission that she knows little about those Defendants,[2] helps explain—but does not excuse—why Plaintiff has, even after amending her Complaint, failed to sufficiently allege *facts*, or to point to any alleged facts, that would impose liability on the Corporate Defendants.  Even without those admissions, Plaintiff's claims against the Corporate Defendants, as well as her duplicative claims against the Co-Executors and punitive damages demand, must be dismissed.

## ARGUMENT

### A.    Plaintiff's attempt to rewrite Count II is impermissible and futile.

Citing a "typographical error," Plaintiff now claims that Count II is meant to apply only to tortious behavior that occurred after Plaintiff turned 18.  (Op. Br. p. 4 fn. 1).  This argument fails for at least three reasons.  First, it does not alter the fact that, in her Complaint, Plaintiff alleges (i) Counts I and II are timely under the CVA (Am. Compl. ¶¶ 178, 185), and (ii) that Decedent committed torts against Plaintiff in 2002 when she was 17 years old (*id.* ¶¶ 174, 181)—*i.e.*, they are duplicative, such that one must be dismissed.

---

[1] Capitalized terms not defined here have the meanings ascribed to them in Defendant's moving brief. (ECF No. 50.)

[2] Plaintiff concedes that she "has limited information about precisely how the Corporate Defendants were acting and cooperating to facilitate Epstein sexually trafficking her."  (Op. Br. p. 18.)

Second, pleading by motion papers is prohibited.  *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) ("a party is not entitled to amend its complaint through statements made in motion papers"); *see also Cal Distrib. Inc. Cadbury Schweppes Ams. Bevs., Inc.*, No. 06 Civ. 0496 (RMB) (JCF), 2007 U.S. Dist. LEXIS 854, at *20-21 (S.D.N.Y. Jan. 5, 2007); *Perez v. Int'l Bhd. of Teamsters, AFL-CIO*, No. 00 Civ. 1983 (LAP) (JCF), 2002 U.S. Dist. LEXIS 16985, at *11 (S.D.N.Y. Sept. 11, 2002).

Third, under the pleading alteration advocated by Plaintiff in her opposition brief, Count II is time-barred. Even assuming the alleged torts giving rise to Count II took place in 2010—the last point in time the Complaint alleges Decedent interacted with her—the claim expired by 2011.  *See* CPLR § 215(3) (providing for one-year statute of limitations for all assault claims in New York State).

## B.      Plaintiff's arguments confirm Count V is duplicative of Count I or time-barred.

Once again, Plaintiff's impermissible attempt to recast the legal theory behind one of her claims does not save it from dismissal.  In her opposition brief, Plaintiff argues that Count V of her Complaint is timely under the CVA despite the fact that she does not allege any nexus between that claim and a predicate New York Penal Law § 130 offense.  Plaintiff also claims that, to the extent the CVA does not apply to Count V, it is timely pursuant to CPLR § 215(8)(a).  Both arguments fail.

If the CVA applies to Count V, then it is duplicative of Count I.  (Count I, which Defendants do not move to dismiss, is a battery claim against the Estate based on the CVA.)  This is precisely what the Opposition Brief argues Count V should be deemed.  (Opp. Br. pp. 6-7.) There is no sound reason to permit Plaintiff to pursue both claims.

Plaintiff's invocation of CPLR § 215 (8)(a) is misplaced. As explained above, to the extent Count V applies to conduct that occurred when Plaintiff was a minor, it is impermissibly duplicative of Count I. To the extent Plaintiff suggests Count V is based on torts that occurred when she was an adult, CPLR § 215(8)(a) is inapplicable.

CPLR § 215(8)(a) provides: "Whenever it is shown that a criminal action against the same defendant has been commenced *with respect to the event or occurrence from which a claim governed by this section arises*, the plaintiff shall have at least one year from the termination of the criminal action … to commence the civil action." (Emphasis added.) Decedent's indictment (the "Indictment"), which Plaintiff attaches to her Complaint, was not commenced with respect to torts allegedly committed against adults, whether Plaintiff or otherwise. Rather, the Indictment charges Decedent sexually abused "minor girls" from 2002 to 2005 (Am. Compl., Ex. B at ¶¶ 1, 20), stating throughout that it concerns sex trafficking of minors (*id*. ¶¶ 2-4, 6, 8, 11-15, 18-20, 22).

New York courts apply CPLR § 215(8)(a) narrowly. *See Christodoulou v. Terdeman*, 262 A.D.2d 595, 596 (2d Dept. 1999) (CPLR § 215(8)(a) applied only to claims based on events of February 26, 1993 and December 28, 1993, because it was only in connection with events of those two days that criminal prosecution was commenced against defendant); *Gallina v. Thatcher*, No. 2017-52980, 2018 N.Y. Misc. LEXIS 8435 (Sup. Ct. Dutchess Cnty. Oct. 23, 2018) (CPLR § 215(8)(a) inapplicable where incidents charged in criminal action and those alleged in civil action occurred on different dates); *McElligott v. City of N.Y.*, No. 15-cv-7107 (LGS), 2017 U.S. Dist. LEXIS 201829, at *13 (S.D.N.Y. Dec. 7, 2017) (CPLR § 215(8)(a) inapplicable to claims against civil defendants not charged as co-defendants in criminal action, notwithstanding same events gave rise to both actions).

- 3 -

*Gallina* is especially instructive. In that case, an individual sued an attorney for battery and other claims based on the core allegation that, over the course of two years, the attorney committed various sexual misconduct against the plaintiff, including sexual assault. 2018 N.Y. Misc. LEXIS 8435, at *1.  Defendant had also been criminally charged with forceable touching for incidents that occurred with the plaintiff in 2017.  *Id*. at *3.  The court dismissed as time-barred plaintiff's battery counts based on incidents alleged to have occurred in 2016.  *Id.* at *2-3.

In doing so, the court rejected plaintiff's argument that CPLR § 215(8)(a) applied to the 2016 incidents, finding untenable such a broad reading of that statute, stating:

> Plaintiff argues that the July and October 2016 incidents are part of the same ongoing course of events as the February, March and May 2017 incidents and should therefore be deemed timely commenced … the case law does not support Plaintiff's interpretation of … CPLR §215(8)(a).  The criminal instruments … demonstrate that Defendant was charged for incidents occurring on three (3) specific dates … Pursuant to CPLR §215(8)(a), tolling would apply only to claims based on these dates, "because it was only in connection with the events of these [three] days that a criminal prosecution was commenced against the defendant." *Christodoulou v. Terdeman*, 262 AD2d 595, 596 [2d Dept. 1999].  As criminal charges were not commenced with respect to the July 2016 and October 2016 events, the tolling provisions of CPLR §215(8) do not apply.

*Id*. at *3-4.

Here, Plaintiff asserts a far more tenuous connection between her causes of action based on torts that allegedly occurred when she was an adult and those identified in the Indictment than the connections unsuccessfully asserted by the plaintiff in *Gallina* (and the other cited cases).  The Court should therefore reject Plaintiff's invocation of CPLR § 215(8)(a).

C.   **Plaintiff's "overt act" argument fails because she does not allege overt acts occurring after August 20, 2009.**

Plaintiff argues that her TVPA claims in Counts VI through IX are not partially time-barred because she has alleged Defendants conspired to violate the TVPA under 18 U.S.C. § 1594(c). (Op. Br. p. 13.)  This is wrong.  As an initial matter, Plaintiff, whose TVPA causes of action invoke

numerous other TVPA sections, has not even attempted to salvage her time-barred TVPA claims that are not based on § 1594(c).  Those must be dismissed.

To state a timely TVPA conspiracy claim, Plaintiff must allege facts setting forth an overt act in furtherance of the alleged conspiracy that occurred after August 20, 2009.[3]  *See United States v. LaSpina*, 299 F.3d 165, 173 (2d Cir. 2002) ("[A]t least one overt act in furtherance of the conspiratorial agreement [must have been] performed within [the statute of limitations] period.") (citing *United States v. Ben Zvi*, 242 F.3d 89, 97 (2d Cir. 2001)).  "[I]t [is] incumbent upon plaintiff to allege with at least some degree of particularity overt acts which defendants engaged in which are reasonably related to the promotion of the concealed conspiracy. … Additionally, while a plaintiff should not plead mere evidence, [s]he should make an effort to provide some details of time and place and the alleged effect of the conspiracy."  *Upper Hudson Planned Parenthood, Inc. v. Doe*, No. 90-CV-1084, 1991 U.S. Dist. LEXIS 13063, at *36 (N.D.N.Y. Sep. 12, 1991) (internal citations and brackets omitted).

Here, Plaintiff fails to point to a single allegation in her Complaint plausibly establishing that Decedent or any Defendant did anything after August 20, 2009 in furtherance of a sex-trafficking conspiracy.  Rather, Plaintiff cites paragraphs 108 and 111 of the Complaint.  (Opp. Br. p. 12.)  However, those allegations only reference actions attributed to Decedent and unidentified "employees or associates of the sex trafficking enterprise."  In addition to being hopelessly vague, those allegations do not attribute any specific conduct to any Corporate Defendant, let alone conduct that plausibly suggests an over act in furtherance of a conspiracy to commit sex trafficking.

---

[3] As explained in the moving brief, no action may be maintained under subsection 18 U.S.C. § 1591(a), which provides for civil TVPA causes of action, "unless it is commenced not later than the later of (i) 10 years after the cause of action arose or (ii) 10 years after the victim reaches 18 years of age, if the victim was a minor at the time of the alleged offense."  18 U.S.C. § 1595(c).  Plaintiff alleges that she was seventeen years old in 2002—and thus turned eighteen in either 2002 or 2003—and that Decedent's alleged misconduct ended in 2010.  (Am. Compl. ¶¶ 75, 108, 111, 118, 130, 172.)  Plaintiff filed this action on August 20, 2019.  (ECF Doc. 1.)  Therefore, to the extent Counts VI-IX are based on alleged conduct that occurred before August 20, 2009, they must be dismissed.

Therefore, for the reasons explained in the Defendants' moving brief (Mov. Br. p. 7), Counts VI through IX should be dismissed to the extent they apply to conduct after August 20, 2009.

### D. Plaintiff does not overcome her failure to plead the TVPA's elements for Counts VII-IX.

Plaintiff does not refute that she must plead two separate intent requirements—(1) knowingly recruiting a person (or knowingly benefitting from such a venture); and (2) knowing that means of force, threats of force, fraud or coercion will be used by a person or the venture to cause a person to engage in a commercial sex act—in order to state a valid TVPA claim. (*See* Mov. Br. p. 8 (citing *Lawson v. Rubin*, No. 17-cv-6404 (BMC), 2018 U.S. Dist. LEXIS 71582, at *35 (E.D.N.Y. Apr. 29, 2018))). The Complaint is devoid of any specific allegations, and Plaintiff fails to point to allegations establishing these two requirements.

Instead, Plaintiff references allegations that recite the elements of a TVPA claim. (Opp. Br. pp. 14-16.) The Complaint does not articulate how the Corporate Defendants purportedly benefited or participated in a TVPA violation. Nor does it articulate their knowledge of Plaintiff's alleged victimization by such a violation. Merely inserting Defendants' names at the start of a formulaic recitation of the elements of a cause of action is insufficient to meet the federal pleading standard. *See Holborn Corp. v Sawgrass Mut. Ins. Co.*, 304 F Supp 3d 392, 397 (S.D.N.Y. 2018).

Plaintiff likewise fails to identify any allegations that describe how the Corporate Defendants participated in the alleged conspiracy. None of the allegations Plaintiff identifies in her opposition brief sufficiently articulates roles or actions taken by any specific Corporate Defendant.

Plaintiff's request that the Court ignore these failures—and instead see the "big picture" by allowing Plaintiff to conduct discovery—is not supported by any legal authority. (Op. Br. p. 18.) Therefore, the Court should dismiss Counts VII-IX in their entirety.

**E.**   **Plaintiff fails to point to any allegations to support a finding by the Court, necessary at the pleadings stage, that any of the Corporate Defendants plausibly owed her a duty of care.**

Plaintiff's negligence claims (Counts X through XII) must be dismissed because she fails to sufficiently allege various elements of those causes of action.   Dismissal of Plaintiff's negligence claims against the Corporate Defendants is required in this action, where Plaintiff, even after amending her Complaint purportedly to address these very deficiencies, fails to allege sufficient *facts* necessary to support a claim that any of the Corporate Defendants owed her a duty of care.  Plaintiff devotes a large portion of her Opposition Brief to repeating generic allegations, which she cut and pasted for each Corporate Defendant, that amount to nothing more than recitations of the elements of negligence.  However, where, as here, a complaint contains only "generalized assertions that the defendants owed [the plaintiff] 'a duty of care,'" it fails to sufficiently state a negligence claim as a matter of law.  *See Torain v. Casey*, No. 16-cv-2682 (VEC) (JCF), 2016 U.S. Dist. LEXIS 127681, at \*17 (S.D.N.Y. Sep. 16, 2016), adopted by, dismissed by 2016 U.S. Dist. LEXIS 157693 (S.D.N.Y. Nov. 14, 2016).  *See also Farash v. Cont'l Airlines, Inc.*, 337 F. App'x 7, 9 (2d Cir. 2009) (affirming the District Court's judgment dismissing, for failure to state a claim, a *pro se* plaintiff's complaint alleging negligence because his allegations "even if true and evaluated under the forgiving standard generally applied to pro se litigants, do not make out the elements of the torts asserted.")[4]

Magistrate Judge Francis' findings in his report and recommendation in *Torain* (adopted by Judge Caproni), in which he recommended dismissal with prejudice of a *pro se* plaintiff's complaint asserting negligence claims, is instructive on this point:

> **[T]he complaint contains no facts to support a finding that any of the defendants owed the plaintiff a duty of care.**  *See Almeciga v. Center for*

---

[4] Because Plaintiff is represented by counsel, she is not entitled to the "forgiving standard" which the plaintiff in *Farash* failed to meet in any event.

*Investigative Reporting, Inc.*, 121 F. Supp. 3d 379, 382-83 (S.D.N.Y. 2015) (“***The threshold question in any negligence action is whether the alleged tortfeasor owes a duty of care to the injured party, and the existence and scope of that duty is a legal question for the courts to determine***.” (quoting *Sheila C. v. Povich*, 11 A.D.3d 120, 125, 781 N.Y.S.2d 342, 347 (1st Dep't 2004))). ***Mr. Torain's generalized assertions that the defendants owed him a "duty of care*** not to expose [him] to severe emotional distress, mental anguish, [and] humiliation” and “to stop engaging in the conduct describe [sic] herein and/or to intervene to prevent or prohibit said conduct” (Complaint, ¶¶ 35, 45), ***do not plausibly suggest that the defendants owed a duty to him in any cognizable legal sense***, *see Palsgraf v. Long Island Rail Road Co.*, 248 N.Y. 339, 341, 162 N.E. 99, 99 (1928) (“Negligence is not actionable unless it involves the invasion of a legally protected interest, the violation of a right.”); *see also General Star Indem. Co. v. Platinum Indem. Ltd.*, No. 00 Civ. 4960, 2002 U.S. Dist. LEXIS 29193, 2002 WL 31159106, at \*3 (S.D.N.Y. Sept. 27, 2002) (“A plaintiff must show more than a duty owed to a potentially limitless class of people, but rather a specific duty owed to the plaintiff.”), much less the type of special duty required to support a claim for negligent infliction of emotional distress, *see Druschke v. Banana Republic, Inc.*, 359 F. Supp. 2d 308, 315 (S.D.N.Y. 2005) (explaining that a claim of negligent infliction of emotional distress “***requires proof of a duty owed by the defendant to the plaintiff that is far more specific than the more generalized duty to avoid negligently injuring another***”).

*Id*. at \*16-17 (emphasis added) (alterations in original).

Like the plaintiff in *Torain*, Plaintiff alleges nothing more than generalized assertions that the Corporate Defendants owed a duty to her.  For example, Plaintiff alleges:  “At all times material to this cause of action, [Decedent] … and Corporate Defendants owed a duty to Plaintiff to treat her in a non-negligent manner and not to commit, or conspire to commit, or cause to be committed intentional, criminal, fraudulent, or tortious acts against Plaintiff, including any acts that would cause Plaintiff to be harmed ….”  (Am. Compl. ¶ 14).  She recites not a single fact supporting the existence of a duty for any Corporate Defendant. Accordingly, as in *Torain*, Plaintiff's negligence claims should be dismissed.

**F.**    **<u>Plaintiff's conclusory assertion that the Corporate Defendants were in the business of facilitating sex trafficking is insufficient to state a negligence claim.</u>**

In her opposition brief, Plaintiff also argues that her conclusory allegation that the Corporate Defendants were in the business of "facilitating" Decedent's abuse of Plaintiff supports a negligence claim against them (*see, e.g.*, Op. Br. p. 13). However, "[i]f the Plaintiff is correct that her conclusory assertions are sufficient to state a claim, then any employer could be subjected to vicarious liability for sexual assault based on an allegation that the employer's business involved facilitating rape." *See Doe v. Abdulaziz Bin Fahd Alsaud*, 12 F. Supp. 3d 674, 679 (S.D.N.Y. 2014) (Sweet, J.).

Judge Sweet's decision in *Abdulazis* is instructive on this point. In that case, an individual sued a corporation that served the needs of its client, a Saudi prince, for negligent supervision, negligent retention and respondeat superior based on the core allegation that the company knew or should have known that one of its employees, who raped plaintiff, had a predisposition for abusing women, violent propensities, and was a sexual predator. *Id.* at 676. The plaintiff alleged that the employee's duties included luring unsuspecting women to gratify the prince's sexual pleasure. *Id.* at 674. The company moved to dismiss the plaintiff's amended complaint for failure to state a claim, which the court granted. *Id.* at 675.

With respect to the plaintiff's respondeat superior claims, Judge Sweet found: (i) New York courts consistently have held that sexual misconduct and related tortious behavior arise from personal motives and do not further an employer's business, even when committed within the employment context; (ii) no decision had been cited in which the doctrine of respondeat superior was held to apply to sexual assault; (iii) the amended complaint did not contain allegations that establish the assault furthered the company's business interests, even if those interests somehow included luring women to a hotel to benefit the prince; (iv) even if the plaintiff had sufficiently

pleaded that the company had direct knowledge of prior sexual misconduct on the part of its employee, which she did not, that still would not give rise to respondeat superior liability in the absence of an allegation that the misconduct was part of any actual responsibility the employee had to the company; (v) (addressing the Plaintiff's contention that the case involved an "unusual" situation in which the employee's sexual misconduct had a business purpose—to help the prince rape women) the plaintiff was required to plead more than conclusory allegations and present sufficient facts to create a reasonable inference that the employee's job and the company's business included sex crimes; (vi) the support the plaintiff alleged was "merely the accusation itself," which fell short of "nudging [her claims] across the line from conceivable to plausible" under *Twombly*; and (vii) "[t]he Plaintiff alleges that [the employee's] duties included luring women to the Plaza Hotel for the benefit of the Prince and his entourage. Plaintiff has not alleged any facts to support this accusation, and it is therefore 'naked assertion' devoid of 'further factual enhancement' that is insufficient to sustain a cause of action under *Iqal* [*sic*] and *Twombly*."  *Id*. at 674-80.

With respect to the plaintiff's claims for negligent supervision or retention, Judge Sweet: (i) found the claims failed because, among other things, the underlying tort did not occur anywhere near the company's premises or with its chattels as alleged by plaintiff and the plaintiff failed to allege the company exercised any dominion or control over the place where the rape occurred; and (ii) rejected the plaintiff's contention that she should be given an opportunity to take discovery because "almost all of the conclusive information regarding notice lies within Defendants' [*sic*] exclusive control," finding, "[a]s with respondeat superior claims, courts dismiss negligent supervision and retention claims at the pleading stage, before discovery." *Id*. at 680-83 (citations omitted).

Here, Plaintiff's Complaint suffers the same defects as the plaintiff's complaint in *Abdulazis* (among others), including a failure to articulate any facts to support her bald assertion that the Corporate Defendants were in the business of facilitating sexual abuse. Plaintiff also makes many of the same arguments as the plaintiff in *Abdulaziz*, which Judge Sweet rejected, including that she should be permitted to proceed to discovery because the Corporate Defendants possess the information she needs to sufficiently assert her claims. Therefore, whether her negligence claims are based on respondeat superior or negligent supervision or retention, they should be dismissed.

G.    **There is no sound basis for Plaintiff's request to disregard black-letter law prohibiting recovery of punitive damages against a deceased tortfeasor's estate.**

Plaintiff asks this Court to create new law in two different ways, both of which should be rejected. First, Plaintiff requests that the Court disregard the express language of E.P.T.L. § 11-3.2(a)(1) and black-letter Federal and USVI law—all of which prohibit recovery of punitive damages against a deceased tortfeasor's estate—and instead create a new rule of law requiring that, when a decedent's death is "self-inflicted," such prohibitions, even statutory (as is the case in New York), do not apply.  (Op. Br. at 26.)  However, Plaintiff cites no law to support this request aside from dicta in a single Indiana state law decision—hardly persuasive—in which Indiana joined the majority of jurisdictions (including New York and the USVI) and held: "Indiana law does not permit recovery of punitive damages from the estate of a deceased tortfeasor."  *Crabtree ex rel. Kemp v. Estate of Crabtree*, 837 N.E.2d 135, 139 (Ind. 2005).

Second, based on her erroneous premise that these unequivocal prohibitions on punitive damages are "affirmative defenses," Plaintiff also asks the Court to apply the doctrine of equitable estoppel to bar such prohibitions.  (Op. Br. at 29.)  Because these black-letter prohibitions on punitive damages are not affirmative defenses, equitable estoppel is inapplicable.  In any event,

Plaintiff cites no law supporting her assertion that Decedent's apparent suicide constituted affirmative wrongdoing as to her sufficient to invoke the exceptional doctrine of equitable estoppel.

Plaintiff also mistakenly claims she is entitled to punitive damages under USVI law, but without refuting the Co-Executors' *Banks* analysis establishing the opposite.  Instead, Plaintiff states, without any authority, that Decedent's apparent suicide requires a different result.  Plaintiff also asks to be permitted to "develop a factual record" to "predict how the Virgin Island courts would rule."  (Op. Br. at 35.)  But the *Banks* analysis is entirely a legal one.  Because no amount of facts will aid the Court in its determination, discovery would be a waste of time.

Finally, Plaintiff argues she is entitled to punitive damages on her TVPA claims (Counts VI through IX), but federal courts applying federal law preclude recovery of punitive damages against a tortfeasor's estates.  *See, e.g.*, *Kahlily v. Francis*, No. 08-c-1515, 2008 U.S. Dist. LEXIS 101745, at *19 (N.D. Ill. Dec. 16, 2008) ("awarding punitive damages in such situations would not serve the overall policies behind punitive damages") (applying federal common law); *Tighe v. Purchase*, No. 1:11-cv-224, 2015 U.S. Dist. LEXIS 57488, at *19 (W.D. Pa. May 1, 2015) (same).

## CONCLUSION

For the reasons stated above and in their moving brief (ECF No. 50), Defendants respectfully request the Court grant their motion to dismiss, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
       April 13, 2020

By: */s/ Bennet J. Moskowitz*
 Bennet J. Moskowitz
 TROUTMAN SANDERS LLP
 875 Third Avenue
 New York, New York 10022

*Attorney for Defendants*